UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:17-cr-40107-SLD-15 |
| JEFFREY LANCE JOHNSON, | ) ) ) |
| Defendant. | ) |

ORDER

Before the Court are Defendant Jeffrey Lance Johnson's Motion for Compassionate Release, ECF No. 572, and Motion for Leave to File Reply to Government's Response to Motion for Compassionate Release, ECF No. 584; Johnson's attorney's Motion to Withdraw, ECF No. 587; and the Government's Motion to File Exhibit Under Seal, ECF No. 577.  For the reasons that follow, the Motion to File Exhibit Under Seal, Motion for Leave to File Reply to Government's Response to Motion for Compassionate Release, and Motion to Withdraw are GRANTED.  The Motion for Compassionate Release is DENIED.

BACKGROUND

On May 21, 2019, Defendant was sentenced to 87 months of imprisonment for conspiracy to distribute and possess with intent to distribute at least 50 grams of actual methamphetamine.  Judgment 1–2, ECF No. 362.  He is serving his sentence at Federal Correctional Institution ("FCI") Herlong and has a projected release date of June 7, 2025.  *See Find an inmate*, Fed. Bureau of Prisons ("BOP"), www.bop.gov/inmateloc/ (search for Jeffrey Lance Johnson) (last visited Nov. 16, 2023).

1

On July 25, 2023, Johnson filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) through counsel. *See* First Mot. Compassionate Release, ECF No. 550. He later withdrew this motion after recognizing that he had not exhausted his administrative remedies. Mot. Withdraw Mot. Compassionate Release 1, ECF No. 563; Aug. 21, 2023 Text Order (granting motion to withdraw). The instant Motion for Compassionate Release was subsequently filed. Johnson argues that he has established extraordinary and compelling reasons for relief because "his father has colon cancer, cirrhosis of the liver, a broken back, and a broken neck" and his "mother is elderly, of small stature, has severe arthritis, and is unable to care for Johnson's father without assistance." Mot. Compassionate Release 7. The Government opposes Johnson's motion, arguing that "he has failed to exhaust his administrative remedies[,] . . . failed to establish extraordinary and compelling circumstances warranting a sentence reduction[,] . . . and . . . the 18 U.S.C. § 3553(a) sentencing factors weigh against his request for a sentence reduction." Resp. 1, ECF No. 578 (quotation marks omitted). Johnson moves for leave to file a reply to address exhaustion and other contentions in the Government's response, Mot. Leave Reply 1, which is GRANTED.

## DISCUSSION

**I.     Legal Standard**

"[A] judgment of conviction that includes . . . a sentence [of imprisonment] constitutes a final judgment" that can be modified in only certain enumerated circumstances. 18 U.S.C. § 3582(b). As relevant here:

> [a] court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they

are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

*Id.* § 3582(c)(1)(A)(i). "[T]he movant bears the burden of establishing extraordinary and compelling reasons that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021) (quotation marks omitted).

II.  Analysis

   a. Exhaustion

The Government argues that Johnson has failed to meet § 3582(c)(1)(A)'s exhaustion requirement because his request to the BOP did not mention the latest injuries his father has suffered. *See* Resp. 11–13. Johnson's request to the BOP was sent on August 18, 2023 and indicated that Johnson was seeking compassionate release "because his father has colon cancer, cirrhosis of the liver, and a broken neck and back" and his elderly mother could not care for his father without assistance. *See* BOP Request 1, Mot. Compassionate Release Ex. A, ECF No. 572-1. In the instant Motion for Compassionate Release, Johnson notes that his father's condition had worsened because on August 30, 2023 his father sustained additional injuries to his back, ribs, and lungs while escaping from a burning home. Mot. Compassionate Release 5. Necessarily, these injuries were not mentioned in the request to the BOP as they postdated the filing of that request. The Government argues that Johnson needs to have submitted a new request to the BOP to add those injuries. Resp. 13.

The Court disagrees, finding that to be too narrow a construction of the exhaustion requirement. "[I]n order properly to exhaust, an inmate is required to present the same or similar ground for compassionate release in a request to the Bureau as in a motion to the court." *United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021). Here, the ground presented to the BOP

3

was Johnson's father's ailments, including colon cancer and cirrhosis of the liver but also a broken neck and back. The additional physical injuries sustained from the fire are a similar ground to that included in the request to BOP.

### b. Extraordinary and Compelling Reasons for Release

A new policy statement that explicitly applies to motions brought by defendants under 18 U.S.C. § 3582(c)(1)(A) became effective on November 1, 2023.[1] *See* U.S. Sent'g Guidelines Manual § 1B1.13 (U.S. Sent'g Comm'n 2023).[2] This policy statement identifies various circumstances that either alone or in combination qualify as extraordinary and compelling reasons for a sentence reduction. *Id.* § 1B1.13(b). As relevant here, "[t]he incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent" constitutes an extraordinary and compelling reason for release. *Id.* § 1B1.13(b)(3)(C). The policy statement also indicates that other circumstances can constitute extraordinary and compelling reasons for release if they, "when considered by themselves or together with any of the reasons described in [the policy statement,] . . . are similar in gravity to those described in" the policy statement. *Id.* § 1B1.13(b)(5).

The Government argues that Johnson's request for release is not consistent with the policy statement because he cannot show that his father is incapacitated or that he is the only available caregiver. Resp. 15–27. Johnson maintains that he has sufficiently shown both that his father is incapacitated and that he is the only available caregiver, Reply 4–5, ECF No. 584-1, and

---

[1] This was not in effect when the Motion for Compassionate Release and response were filed. Nevertheless, in the course of the briefing both parties addressed the new policy statement.
[2] Previously, the Sentencing Commission's policy statement only applied to motions brought by the BOP and the Seventh Circuit held that there was no policy statement applicable to compassionate release motions brought by defendants. *See United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020).

4

that even if the Court disagrees, it could find his circumstances extraordinary and compelling under a catch-all provision of the policy statement, *id.* at 3–4.

While the Court acknowledges that Johnson's family is undergoing a hardship, it does not find these circumstances constitute extraordinary and compelling reasons for release. First, Johnson has not met his burden to show that his father is incapacitated. The policy statement does not define incapacitation. But the evidence Johnson submitted shows only that his father "has limited mobility, . . . numbness in both hands, cannot sit or stand for too long, has uneven balance, . . . needs help getting dressed in the morning," Kristi Johnson Aff. ¶ 4, Mot. Compassionate Release Ex. F, ECF No. 572-3, "can't drive because he can't turn his head[,] . . . [and] can't lift anything over 30 pounds or lift anything over his head," *id.* ¶ 6. While this certainly shows that Johnson's father has limitations and needs assistance, it appears he can still engage in some self-care activities and he is not incapacitated.

Second, Johnson fails to show that he is the only available caregiver for his father. Indeed, the evidence he submitted recognizes that his mother is his father's primary caregiver and would continue to be his primary caregiver. *See* Kristi Johnson Aff. ¶¶ 5, 8. His mother only notes that Johnson "would be able to *help* [her] take care of" his father, identifying only a few activities he would help with: getting his father in and out of the shower, driving his father to appointments, and getting his father up if he fell. *Id.* ¶ 8 (emphasis added). She states that their grandchildren "are unable to be full-time caretakers" for Johnson's father, *id.* ¶ 9, but she is not even contemplating Johnson being a full-time caretaker.

Johnson contends that even if he has not met the letter of the policy statement, the Court should nonetheless find his circumstances extraordinary and compelling. Reply 3–4. The Court declines to do so. That the policy statement identifies incapacitation of a family member as an

extraordinary and compelling circumstance suggests that a less pressing need to help care for a family member should not be considered an extraordinary and compelling circumstance.

    c. **Section 3553(a) Factors**

Even if Johnson could show an extraordinary and compelling reason for release, the Court would deny his motion after weighing the § 3553(a) factors. These factors include: "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," *id.* § 3553(a)(2)(A); "the need for the sentence imposed to afford adequate deterrence to criminal conduct," *id.* § 3553(a)(2)(B); and "the need for the sentence imposed to protect the public from further crimes of the defendant," *id.* § 3553(a)(2)(C).

Here, the Court finds most salient the need for the sentence to promote respect for the law and the need for the sentence to afford adequate deterrence. During his term of incarceration, Johnson has been disciplined for several code of conduct violations including using drugs or alcohol, disruptive conduct, and assault. And he was expelled from the residential drug abuse program for phone abuse. Releasing Johnson from prison early after this conduct would not promote respect for the law or deter him from, for example, violating the terms of supervised release.

## CONCLUSION

Accordingly, Defendant Jeffrey Lance Johnson's Motion for Compassionate Release, ECF No. 572, is DENIED. The Motion for Leave to File Reply to Government's Response to Motion for Compassionate Release, ECF No. 584, is GRANTED. The Clerk is directed to file the reply, ECF No. 584-1, on the docket. Johnson's attorney's Motion to Withdraw, ECF No.

587, is GRANTED.  The Clerk is directed to terminate Attorney Nieman on the docket.  The Government's Motion to File Exhibit Under Seal, ECF No. 577, is GRANTED because it contains Defendant's medical records.

Entered this 16th day of November, 2023

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE
